```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

WILLEMARA THOMPSON,

    Plaintiff,               1:17-cv-01692-NLH-AMD

    v.                      **MEMORANDUM**
                              **OPINION & ORDER**

WAL-MART STORES EAST, LP,
WAL-MART STORES EAST, INC.,
and WAL-MART STORES, INC.,

    Defendants.

**APPEARANCES:**

MARC I. SIMON
SIMON & SIMON PC
8408 ATLANTIC AVENUE
MARGATE, NJ 08402
    *On behalf of Plaintiff*

PATRICK J. MCDONNELL
TAISHA KRISTINA TOLLIVER
MCDONNELL & ASSOCIATES, P.C.
METROPOLITAN BUSINESS CENTER
860 FIRST AVENUE
SUITE 5B
KING OF PRUSSIA, PA 19406
    *On behalf of Defendants*

**HILLMAN**, District Judge

    WHEREAS, pending before the Court is Plaintiff's counsel's "Motion for Disbursement of Funds"; and

    WHEREAS, Plaintiff's counsel represents that on May 15, 2018, Plaintiff agreed to settle her case, but despite numerous attempts to distribute the settlement check pursuant to their fee agreement, his client refuses to sign off on how the funds

will be distributed; and

WHEREAS, Plaintiff's counsel asks the Court to order the distribution of funds as provided for in the parties' agreement; and

WHEREAS, on March 27, 2018, the magistrate judge entered an Order administratively terminating the action, and directing that within 60 days the parties file all papers necessary to dismiss the action under Federal Rule of Civil Procedure 41 or, if settlement could not be consummated, request that the action be reopened (Docket No. 16); and

WHEREAS, the magistrate judge's Order further provided that absent receipt from the parties of dismissal papers or a request to reopen the action within the 60-day period, the Court would dismiss the action, without further notice, with prejudice and without costs (id.); and

WHEREAS, because the parties did not file dismissal papers or request to reopen the action within the 60-day period, on May 30, 2018, this Court entered an Order of Dismissal (Docket No. 17), which ordered the matter dismissed with prejudice, without costs pursuant to Fed. R. Civ. P. 41(a)(2); and

WHEREAS, Plaintiff's counsel's motion was filed on August 23, 2018, which was almost three months after the Court

2

dismissed the action with prejudice; and

WHEREAS, when the action was closed, the Court did not retain jurisdiction to enforce the terms of the settlement agreement or to hear any other requests relating to the matter, see Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 378 (1994) (finding as a general rule that a federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders); Sawka v. Healtheast, Inc., 989 F.2d 138, 141-42 (3d Cir. 1993) (holding that "unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); Washington Hospital v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989) (stating "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute"); and

WHEREAS, the Court therefore does not have subject matter

jurisdiction to hear Plaintiff's counsel's motion;[1]

Accordingly,

IT IS on this __5th__ day of __November__, 2018

ORDERED that the "First MOTION for Disbursement of Funds" [18] be, and the same hereby is, DENIED.[2]

At Camden, New Jersey

        s/ Noel L. Hillman
        NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court questions whether Plaintiff's counsel's motion would be properly before this Court even if it had been filed while the Court still maintained subject matter jurisdiction over the action. Plaintiff's counsel's dispute with his client over their fee agreement appears to be a separate and independent claim between them, which is unrelated to the subject matter of Plaintiff's tort claim against Defendant. See A.W. by B.W. v. Mount Holly Township Board of Education, 180 A.3d 343, 350 (N.J. Super. Ct. App. Div. 2018) (explaining that attorney-client fee disputes are characterized as actions for breach of contract which can be brought in court, but in 1978, the N.J. Supreme Court adopted Rule 1:20A establishing Fee Arbitration Committees to afford a "swift, fair and inexpensive method of resolving fee disputes between attorneys and their clients through compulsory arbitration" when a client requests it (citations omitted)). Regardless of the nature of Plaintiff's counsel's motion, however, it is clearly filed after this Court's subject matter had been extinguished.

[2] The Court properly exercises jurisdiction to determine the scope of its subject matter jurisdiction. Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 905 F.2d 42, 45 (3d Cir. 1990).